# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH EARL GIBBS,

        Petitioner,               Case Number: 2:15-CV-10537

v.                                     HONORABLE PAUL D. BORMAN
                                               UNITED STATES DISTRICT JUDGE

BONITA HOFFNER,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE
## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Joseph Earl Gibbs, a Michigan state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court determines that this is a successive habeas corpus petition and, therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

Gibbs challenges his 1986 convictions for two counts of armed robbery, Mich. Comp. Laws § 750.529, two counts of kidnapping, Mich. Comp. Laws § 750.349, two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. In 2007, Gibbs filed a

---

[1]     28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

habeas corpus petition in this Court challenging the same convictions challenged in this petition. The petition was denied with prejudice because it was not timely filed. *See* 8/4/08 Opinion and Order, *Gibbs v. Bell*, No. 07-cv-15080, dkt. # 7.

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a habeas corpus petition is dismissed based on a procedural bar, such a dismissal is a dismissal "on the merits." *In re Cook*, 215 F.3d 606, 607 (6th Cir. 2000). Gibbs' prior habeas petition, which was dismissed as untimely, was dismissed on the merits. Gibbs has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a successive petition in this Court. When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court **ORDERS** the District Court Clerk to transfer this case to the United States Court of Appeals for the Sixth Circuit.

**SO ORDERED**.

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 23, 2015.

                                            s/Deborah Tofil
                                            Case Manager